# FIRST AMENDMENT TO PURCHASE AGREEMENT

**FIRST AMENDMENT to PURCHASE AGREEMENT** (this "Amendment") dated as of July __, 2010, by and among Senior Care Development, LLC, a Delaware limited liability company ("SCD") and the entities executing this Amendment as "Sellers" on the signature page hereof ("Sellers", together with SCD, the "Parties"). All capitalized terms unless defined herein shall have the meanings ascribed to them in the Purchase Agreement (as defined below).

## WITNESSETH:

**WHEREAS,** SCD and Sellers are parties to a certain Master Purchase and Sale Agreement dated as of June 24, 2010 (the "Purchase Agreement"); and

**WHEREAS,** SCD and Sellers desire to amend certain provisions of the Purchase Agreement, all as more fully set forth below.

**NOW, THEREFORE**, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, SCD and Sellers hereby agree as follows:

## PART I.
## AMENDMENTS TO THE PURCHASE AGREEMENT

**Section 1**. The following definition set forth in Section 1.1 of the Purchase Agreement is hereby amended as follows:

" 'Closing Cash Payment' means $20,000,000, less the Deposit, plus or minus prorations and credits as described in Section 3.4; provided however that (i) in the event another qualified bidder submits a Single Winning Bid for the Monarch Landing and MLI NFP Assets, then the Closing Cash Payment for SCD to acquire the Sedgebrook and SI NFP Assets would be deemed amended to be $17,000,000, less the Deposit, plus or minus prorations and credits as described in Section 3.4, and (ii) in the event another qualified bidder submits a Single Winning Bid for the Sedgebrook and SI NFP Assets, then the Closing Cash Payment for SCD to acquire the Monarch Landing and MLI NFP Assets would be deemed amended to be $3,000,000, less the Deposit, plus or minus prorations and credits as described in Section 3.4."

**Section 2.** The following definitions are hereby added to the definitions in Section 1.1 of the Purchase Agreement in alphabetical order, as appropriate:

"Monarch Landing and MLI NFP Assets" means, collectively, the assets and properties described in Section 2.1(a) and Section 2.1(c) hereof."

"Sedgebrook and SI NFP Assets" means, collectively, the assets and properties described in Section 2.1(b) and Section 2.1(d) hereof."

**Section 3.** Article 2 of the Purchase Agreement is hereby amended by adding new Section 2.5 immediately following Section 2.4 as follows:

"2.5 **Purchase of Monarch Landing and MLI NFP Assets or Sedgebrook and SI NFP Assets.** Notwithstanding anything to the contrary contained in this Agreement, Sellers and SCD hereby agree and acknowledge that in the event another qualified bidder separately bids on the Monarch Landing and MLI NFP Assets or the Sedgebrook and SI NFP Assets and submits the "highest and best offer" in accordance with the Bidding Procedures Order for either such asset group (either such asset group, the "Third Party Acquired Assets"), but not both (a "Single Winning Bid"), then all applicable provisions of this Agreement shall be deemed to be automatically amended as appropriate and necessary to govern the purchase and sale of only the asset group for which SCD submits the "highest and best offer."  By way of illustration and not by way of limitation, in the event another qualified bidder submits a Single Winning Bid with respect to the Third Party Acquired Assets, then the following would apply: (i) Section 2.1 would be deemed amended to delete all references to the Third Party Acquired Assets; (ii) Section 2.3 would be deemed amended to delete all references to Liabilities related to the Third Party Acquired Assets; and (iii) all other relevant representations, warranties, covenants and agreements in the Purchase Agreement would be deemed amended to delete all relevant references (including in the Schedules) related to the Third Party Acquired Assets."

**Section 4.** Section 3.2 of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

"3.2 **Consideration**. In consideration for the sale, assignment, and conveyance of the Sellers' right, title and interest in, to and under the Purchased Assets:

(a) SCD shall, on behalf of itself and the Permitted Designee(s), at the Closing pay the Closing Cash Payment, for the account of the Debtors, by wire transfer of immediately available funds.  The Debtors intend to apply the Closing Cash Payment (for avoidance of doubt, absent a Single Winning Bid, this shall equal $20,000,000 ($18,000,000 of which SCD shall wire in accordance with the preceding sentence and $2,000,000 of which shall constitute the Deposit) in the following order of priority:

> (i) second, the remainder to be applied in accordance with a final order of the Bankruptcy Court; provided, however, that the consideration payable under this Section 3.2(a), absent a Single Winning Bid, shall be allocated among the Debtors as follows: (a) $15,750,000 to SI NFP and Sedgebrook Owner and (b) $4,250,000 to MLI NFP and Monarch Landing Owner."

**Section 5.** Section 7.1(a)(i) of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

"7.1 **Bankruptcy Matters**.

(a) (i) The Debtors shall endeavor to cause the Bankruptcy Court to enter a bidding procedures order in form and substance reasonably satisfactory to SCD (the "Bidding Procedures Order") on or before July 19, 2010 (the "Bidding Procedures Order Deadline"), provided however that such Bidding Procedures Order shall contain a provision permitting separate bids for the Third Party Assets, consistent with Section 2.5 hereof, and".

**Section 6.** Section 9.2(b) of the Purchase Agreement is hereby amended and restated in its entirety to read as follows:

"(b) Immediately upon the occurrence of any termination of this Agreement pursuant to Section 9.1(b)(1) through (v), and provided that SCD is not otherwise in material breach of this Agreement, Sellers shall (i) reimburse SCD for all of SCD's out of pocket costs and expenses in connection with this Agreement and the Transactions, not to exceed $350,000, and (ii) refund the Deposit to SCD. Alternatively, if such termination is due to a Triggering Event, then (i) immediately upon the occurrence of such termination, Sellers shall refund the Deposit to SCD, and (ii) upon the closing of any Alternative Transaction Sellers shall pay SCD One Million Five Hundred Thousand Dollars ($1,500,000); provided, however, in the event another qualified bidder submits a Single Winning Bid for (a) the Monarch Landing – MLI NFP Assets, such amount shall be reduced to Two Hundred Fifty Thousand Dollars ($250,000) of which Monarch Landing Owner and MLI NFP, collectively, shall pay or (b) the Sedgebrook – SI NFP Assets, such amount shall be reduced to One Million Two Hundred Fifty Thousand Dollars ($1,250,000) of whichSedgebrook Owner and SI NFP, collectively, shall pay (each, a "Termination Fee")."

## PART II.
## MISCELLANEOUS

**Section 1**. Except as amended hereby, the Purchase Agreement shall remain in full force and effect.

**Section 2**. This Amendment (a) may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall be considered one instrument and (b) shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns.

**Section 3**. This Amendment shall be construed in accordance with and governed by the laws of the State of Maryland.

**IN WITNESS WHEREOF**, SCD and Sellers have executed this Amendment as of the day and year first above written.

**SCD:**                          **SENIOR CARE DEVELOPMENT, LLC**, a Delaware limited liability company

By: _____
Name:
Its

**SELLERS:**                  **LINCOLNSHIRE CAMPUS, LLC**, a Chapter 11 Debtor and Debtor in Possession

By: _____
Name:
Its:

**NAPERVILLE CAMPUS, LLC**, a Chapter 11 Debtor and Debtor in Possession

By: _____
Name:
Its:

**MONARCH LANDING, INC.**, a Chapter 11 Debtor and Debtor in Possession

By: _____
Name:
Its:

**SEDGEBROOK, INC.**, a Chapter 11 Debtor and Debtor in Possession

By: _____
Name:
Its: