U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

*[signature]*

**United States Bankruptcy Judge**

**Signed July 23, 2010**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 10-34176 |
| | § | |
| LINCOLNSHIRE CAMPUS, LLC, *et al.*[1] | § | Chapter 11 |
| | § | |
| Debtors. | § | Joint Administration Pending |

## ORDER APPROVING BID PROCEDURES AND PROVIDING CERTAIN PROTECTIONS TO SENIOR CARE DEVELOPMENT, LLC; AND GRANTED RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned Debtors, pursuant to sections 105(a), 363 and 365 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order approving the Bid Procedures, which are

---

[1] The Debtors in these chapter 11 cases are (a) Lincolnshire Campus, LLC, Case No. 10-34176, (b) Naperville Campus, LLC, Case No. 10-34177, (c) Monarch Landing, Inc., Case No. 10-34179, and (d) Sedgebrook, Inc., Case No. 10-34178. A motion seeking joint administration of the Debtors' cases was filed on June 15, 2010.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Motion.

EAST\43045458.19

attached hereto as Exhibit 1 **[Document No. 193]**, in connection with the sale of all of substantially all of the Debtors' assets, and providing certain protections to Senior Care Development, LLC ("SCD" or the "Buyer"), including the form and manner of service of the notice attached hereto as Exhibit 2 **[Document No. 194]**, and granting other relief related thereto; and the Court having reviewed the Motion, and having considered the statements of counsel and evidence adduced with respect to the Motion at a hearing before the Court (the "Hearing"); the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (ii) venue for this matter is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and the Hearing was sufficient under the circumstances, and no further or other notice is required; and (v) a reasonable opportunity to object or be heard regarding the relief requested in the Motion has been afforded to all interested persons; after due deliberation the Court having determined that the relief requested in the Motion (x) represents a sound exercise of the Debtors' business judgment, (y) is necessary and essential to maximize the value of the Debtors' estates and (z) is in the best interests of the Debtors, their estates and their creditors; and upon the record herein; and after due deliberation thereon; and good and sufficient cause having been shown;

**IT IS HEREBY FOUND AND DETERMINED THAT:[3]**

A. The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court granting certain of the relief requested in the Motion, including approval of (i) the Bid Procedures, (ii) the Break-Up Fee and Expense Reimbursement, as provided for in the APA attached to the Motion as Exhibit A, as amended (the "Purchase

---

[3] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. See Fed. R. Bankr. P. 7052.

Agreement"), for the sale of substantially all of the Debtors' assets to the Buyer, and (iii) the form and manner of the Auction and Sale Notice.

B.  The Bid Procedures are fair, reasonable and appropriate and are designed to maximize the recovery with respect to the Sale Transaction.

C.  The Break-Up Fee and Expense Reimbursement to be paid under the circumstances described herein to the Buyer are (i) actual and necessary costs and expenses of preserving the Debtors' estates, within the meaning of Bankruptcy Code section 503(b), (ii) commensurate to the real and substantial benefits conferred upon the Debtors' estates by the Buyer's entry into the Purchase Agreement, and (iii) reasonable and appropriate in light of the size and nature of the proposed Sale Transaction and comparable transactions, the commitments that have been made and the efforts that have been and will be expended by the Buyer.

D.  Moreover, the Break-Up Fee and Expense Reimbursement are essential inducements and conditions relating to the Buyer's entry into, and continuing obligations under, the Purchase Agreement. Unless it is assured that the Break-Up Fee and Expense Reimbursement will be available, the Buyer is unwilling to remain obligated to consummate the Sale Transaction or otherwise be bound under the Purchase Agreement (including the obligation to maintain its committed offer while such offer is subject to higher or otherwise better offers as contemplated by the Bid Procedures). The Break-Up Fee and Expense Reimbursement induced the Buyer to submit a bid that will serve as a minimum or floor bid on which the Debtors, their creditors and other bidders can rely. Accordingly, the Break-Up Fee and Expense Reimbursement are reasonable and appropriate and represent the best method for maximizing value for the benefit of the Debtors' estates.

E.  The Debtors have demonstrated a compelling and sound business justification for authorizing the payment of the Break-Up Fee and Expense Reimbursement under the circumstances, timing and procedures set forth in the Motion.

F.  The Debtors have provided support for their decision to authorize the payment of the Break-up Fee and Expense Reimbursement sufficient to satisfy all conditions set forth in this Court's Standing Order Concerning Guidelines for Compensation and Expense Reimbursement of Professionals, for Early Disposition of Assets in Chapter 11 Cases, and for Motions and orders Pertaining to Use of Cash Collateral and Post Petition Financing, dated December 21, 2000.

G.  The Auction and Sale Notice is appropriate, adequate and sufficient, and is reasonably calculated to provide all interested parties with timely and proper notice of the Auction, the Sale Transaction and the Bid Procedures. No other or further notice is required for the Sale Transaction or the Bid Procedures, as set forth herein and in the Motion. The Debtors have demonstrated a compelling and sound business justification for the limitation of credit bidding at the Auction as is described in the Bid Procedures.

H.  The Debtors have articulated good and sufficient reasons for, and the best interests of their estates will be served by, this Court scheduling a subsequent Sale Hearing to consider granting other relief requested in the Motion, including approval of the Sale Transaction and the transfer of the assets to the Buyer free and clear of all Encumbrances pursuant to Bankruptcy Code section 363(f).

I.  As demonstrated by the compelling and sound business justifications set forth by the Debtors in the Motion and at the Hearing, the entry of this Order is in the best interests of the Debtors and their estates, creditors, and interest holders and all other parties in interest herein;

and therefore

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED to the extent set forth herein.

2. The Bid Procedures attached hereto as <u>Exhibit 1</u> are approved in all respects and shall govern all bids and bid proceedings relating to the sale of the Debtors' assets. The Debtors are authorized to take any and all actions necessary or appropriate to implement the Bid Procedures.

3. The failure specifically to include or reference any particular provision of the Bid Procedures in this Order shall not diminish or impair the effectiveness of such procedure, it being the intent of the Court that the Bid Procedures be authorized and approved in their entirety.

4. The form and manner of service of the Auction and Sale Notice described in the Motion, and attached hereto as <u>Exhibit 2</u>, are approved in all respects. The Debtors shall serve the Auction and Sale Notice on all of the Debtors' creditors, parties in interest and potentially interested bidders. Service of the Auction and Sale Notice, as set forth herein, constitutes sufficient notice of the Auction and Sale Hearing.

5. The Bid Deadline is September 7, 2010 at 5:00 p.m. (prevailing Central Time). All Potential Bidders are required to provide copies of their bids so as to received by hand and by electronic mail by the following parties on or before the Bid Deadline: by (a) counsel for Lincolnshire and Naperville, DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020, Attn: Thomas R. Califano (thomas.califano@dlapiper.com) and DLA Piper LLP (US), 1717 Main Street, Dallas, TX 75201, Attn: Vincent Slusher (vince.slusher@dlapiper.com); (b) CLW Real Estate Services Group, 4301 Anchor Plaza Parkway, Suite 400, Tampa, FL 33634

Attn: Allen McMurtry (amcmurtry@clwrg.com), (c) Alvarez & Marsal LLP, 55 West Monroe, Chicago, IL 60603, Attn: Paul Rundell (prundell@alvarezandmarsal.com). The Debtors will within one day provide the bids received to (a) counsel for Monarch Landing and Sedgebrook, McGuire, Craddock & Strother, P.C., 3550 Lincoln Plaza, 500 N. Akard Street, Dallas TX 75201, Attn: J. Mark Chevalier (mchevallier@mcslaw.com) and Whiteford, Taylor, and Preston LLP, Seven Saint Paul Street, Baltimore MD 21202, Attn: Martin Fletcher (mfletcher@wtplaw.com); (b) Haynes and Boone, LLP, Counsel for U.S. Bank National Association, as Indenture Trustee, 2323 Victory Avenue, Suite 700, Dallas, TX 75219, Attn: Trey Monsour, Esq. (trey.monsour@haynesboone.com); (c) Sheppard Mullin Richter & Hampton LLP, Counsel for U.S. Bank National Association, As Indenture Trustee, 333 South Hope Street, 48th Floor, Los Angeles, CA 90071, Attn: Kyle J. Mathews, Esq. (kmathews@sheppardmullin.com); (d) Gardere Wynne Sewell LLP, Counsel for Wells Fargo Bank National Association, 1601 Elm Street, 3000 Thanksgiving Tower, Dallas, TX 75201, Attn: Daniel C. Scott, Esq. (dscott@gardere.com); (e) Spencer Fane Britt & Browne LLP, Counsel for Wells Fargo Bank National Association, 1000 Walnut, Suite 1400, Kansas City, Missouri 64106, Attn: Scott Goldstein (sgoldstein@spencerfane.com; (f) counsel for Senior Care Development, LLC, Hinckley Allen & Snyder, LLP, 20 Church Street, Hartford, CT 06103, Attn: William S. Fish, Jr., (wfish@haslaw.com); (g) the Office of the Illinois Attorney General, 100 West Randolph Street, Chicago, IL 60601, Attn: Brent D. Stratton (bstratton@atg.state.il.us); and (h) counsel for Resident Committee of Unsecured Creditors appointed in these cases, (collectively, the "Notice Parties").

6. The Auction, if necessary under the Bid Procedures, will be held on September 14,

2010 at the offices of DLA Piper, 1251 Avenue of the Americas, New York, NY 10020-1104 at 12:00 noon (prevailing Eastern Time).

7. Objections to the Sale Transaction shall be in writing, shall state the basis of such objection with specificity and shall be filed with the Court, and served so as to be received on or before September 17, 2010, at 4:00 p.m. (prevailing Central Time) on the Notice Parties.

8. The Sale Hearing, at which the Debtors shall seek approval of the Successful Bid, shall be held in this Court on September 21, 2010, at 10:00 a.m. (prevailing Central Time). The Sale Hearing may be adjourned or rescheduled without further notice other than an announcement of the adjourned date at the Sale Hearing.

9. The Buyer shall constitute a Qualified Bidder (as defined in the Bid Procedures) for all purposes and in all respects with regard to the Bid Procedures.

10. The Debtors are hereby authorized, in the exercise of their sound business judgment, to offer the Buyer a Break-Up Fee in the amount of $1,500,000, which includes an Expense Reimbursement not to exceed $350,000. The Break Up Fee shall be allocated as follows: $250,000 to Monarch Landing and $1,250,000 to Sedgebrook. The payment of the Break-Up Fee shall be expressly conditioned on the consummation of the Sale Transaction to a party that is not the Buyer or affiliated with the Buyer, and shall be paid solely from proceeds of sale at closing of the Sale Transaction. Notwithstanding the foregoing, in the event that there is not a Sale Transaction to a party that is not the Buyer or affiliated with the Buyer, the Expense Reimbursement portion of the Break-Up Fee shall be allowed and payable on the terms set forth in the APA. The Break-Up Fee and Expense Reimbursement shall be a superpriority administrative expense claim against the Debtors' estates under Bankruptcy Code sections 503(b)

and 507(b).

11. The failure of any objecting person or entity to timely file its objection shall be an absolute bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Motion, or the consummation and performance of the Sale Transaction, if any (including the transfer free and clear of all Encumbrances of the Debtors' assets pursuant to the Sale Transaction).

12. The Debtors are authorized and empowered to take such steps, expend such sums of money and do such other things as may be necessary to implement and effect the terms and requirements established and relief granted in this Order.

13. Notwithstanding anything to the contrary in the APA, the Debtors are authorized to interview, qualify, encourage and negotiate with, any Potential Bidder in addition to the Buyer prior to the completion of the Auction.

14. To the extent, if any, anything contained in this Order conflicts with the Motion, this Order and the provisions of the Bid Procedures attached hereto shall govern and control.

15. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), this Order shall take effect immediately upon its entry.

16. This Court shall retain jurisdiction to hear and determine all matters arising from or relating to the implementation of this Order.

###END OF ORDER###