

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

_____

**United States Bankruptcy Judge**

**Signed November 12, 2010**

_____

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | **Case No. 10-34176** |
| | § | |
| **LINCOLNSHIRE CAMPUS, LLC, _et al._**[1] | § | **Chapter 11** |
| | § | |
| Debtors. | § | **Jointly Administered** |

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER (I) APPROVING THE DEBTORS' DISCLOSURE STATEMENT AND (II) CONFIRMING THE DEBTORS' THIRD AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

WHEREAS the above captioned debtors and debtors in possession (the "<u>Debtors</u>"), have jointly proposed and filed with the United States Bankruptcy Court for the Northern District of Texas, Dallas Division (the "<u>Court</u>") the Debtors' Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated September 30, 2010 [Dkt. No. 345] (the

---

[1] The Debtors in these chapter 11 cases are (a) Lincolnshire Campus, LLC, Case No. 10-34176, (b) Naperville Campus, LLC, Case No. 10-34177, (c) Monarch Landing, Inc., Case No. 10-34179, and (d) Sedgebrook, Inc., Case No. 10-34178.

"Plan"[2]) and (i) the Disclosure Statement For Debtors' Third Amended Joint Plan Under Chapter 11 of the Bankruptcy Code, dated September 30, 2010 and filed with the Court on September 30, 2010 (the "Disclosure Statement") [Dkt. No. 346], and (ii) appropriate ballots for voting on the Plan (the "Ballots"), having been duly transmitted to Holders of Claims in compliance with the procedures (the "Solicitation Procedures") as set forth in the Declaration of Balloting Agent Regarding Tabulation of Votes In Connection With The Debtor's Third Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, sworn to by Rosemarie J. Serrette at BMC Group, Inc. ("BMC"), and filed with the Court on November 9, 2010 ("Voting Certification") [Dkt No. 439]; and

WHEREAS the Court entered the Order Granting Emergency Motion for Conditional Approval of Disclosure Statement and Authorization to Solicit Acceptances of the Plan (the "Combined Hearing Order") [Dkt. No. 344], which, among other things, scheduled the hearing to consider approval of the Disclosure Statement and confirmation of the Plan (the "Combined Hearing"); and

WHEREAS due notice of the Combined Hearing has been given to Holders of Claims against the Debtors and other parties in interest in compliance with title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Combined Hearing Order, and the Solicitation Procedures, as established by the affidavits of service, mailing, and/or publication filed with the Court, including (1) the Certificate of Mailing, dated October 19, 2010 [Dkt. No. 378] and (2) Affidavit of Publication of Notice of (I) Conditional Approval of Disclosure Statement; (II) Hearing to Consider

---

[2] All capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Plan.

Confirmation of the Plan; (III) Deadline for Filing Objections to Confirmation of the Plan; and (IV) Deadline for Voting on the Plan [Dkt. No. 394] (collectively, the "Hearing Notice Affidavits"); and

WHEREAS such notice is sufficient under the circumstances and no further notice is required; and

NOW, THEREFORE, based upon the Court's consideration of the entire record of these Chapter 11 Cases and the Combined Hearing, including (A) the Disclosure Statement, the Plan, and the Voting Certification, (B) the Debtors' memorandum of law, dated November 9, 2010, in support of confirmation of the Plan [Dkt. No. 439], (C) the Declaration Paul Rundell in support of confirmation of the Plan, dated November 9, 2010 [Dkt. No. 437](the "Plan Confirmation Declaration"), (D) the Hearing Notice Affidavits, (E) the evidence presented at the November 10, 2010 hearing and (F) all objections to approval of the Disclosure Statement and confirmation of the Plan having been withdrawn, resolved, or otherwise overruled as set forth herein; and upon the arguments of counsel and the evidence adduced at the Combined Hearing; and the Court having found the Disclosure Statement shall be approved and the Plan should be confirmed as reflected by the Court's rulings made herein and at the Combined Hearing; and after due deliberation and sufficient cause appearing therefor, the Court hereby **FINDS, DETERMINES, AND CONCLUDES** that:

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

A.      Findings and Conclusions.  The findings and conclusions set forth herein and in the record of the Combined Hearing constitute the Court's findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rules 7052 and 9014.  To the extent any of the following findings of fact constitute

conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B. <u>Jurisdiction, Venue, Core Proceeding (28 U.S.C. §§ 157(b)(2), 1334(a))</u>. The Court has jurisdiction over the Debtors' Chapter 11 Cases pursuant to 28 U.S.C. § 1334. Approval of the Disclosure Statement and confirmation of the Plan are core proceedings pursuant to 28 U.S.C. § 157(b) and this Court has jurisdiction to enter a final order with respect thereto. The Debtors are eligible debtors under section 109 of the Bankruptcy Code. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The Debtors are plan proponents in accordance with section 1121(a) of the Bankruptcy Code.

C. <u>Chapter 11 Petitions</u>. On June 15, 2010 (the "<u>Petition Date</u>"), each Debtor commenced with this Court a voluntary case under chapter 11 of the Bankruptcy Code (the "<u>Chapter 11 Cases</u>"). The Debtors are authorized to continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed pursuant to section 1104 of the Bankruptcy Code. On July 9, 2010, the Office of the United States Trustee appointed a Residents' Committee (the "<u>Residents' Committee</u>") in these cases. Further, the Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

D. <u>Judicial Notice</u>. The Court takes judicial notice of the docket of the Chapter 11 Cases maintained by the Clerk of the Court, including all pleadings and other documents filed, all orders entered, and all evidence and arguments made, proffered, or adduced at the hearings held before the Court during the pendency of the Chapter 11 Cases.

E. <u>Disclosure Statement</u>. The Disclosure Statement contains adequate information within the meaning of Bankruptcy Code section 1125.

F. __Combined Hearing Order Compliance__. The Debtors have complied with the Combined Hearing Order in all respects.

G. __Burden of Proof__. The Debtors have the burden of proving the elements of sections 1129(a) and (b) of the Bankruptcy Code by a preponderance of the evidence. Each Debtor has met such burden.

H. __Voting__. As evidenced by the Voting Certification, votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas (the "__Local Rules__") and applicable nonbankruptcy law.

I. __Solicitation__. The Plan, the Disclosure Statement, the Ballots, and notice of the Combined Hearing, were transmitted and served in compliance with the Bankruptcy Rules, including Bankruptcy Rules 3017 and 3018, the Local Rules, and the Combined Hearing Order. The forms of the Ballots adequately addressed the particular needs of these Chapter 11 Cases and were appropriate for Holders of Claims in the following Classes (the "__Voting Classes__") who are impaired under the Plan, may receive a distribution under the Plan, and, therefore, had their votes solicited: Monarch Secured Lender Claims (Class 3) and Sedgebrook Secured Lender Claims (Class 4).

1. The period during which the Debtors solicited acceptances to the Plan was reasonable in the circumstances of these Chapter 11 Cases and enabled Holders to make an informed decision to accept or reject the Plan. The Debtors were not required to solicit votes from the Holders of Claims in the following Classes (the "__Deemed Accepting Classes__") as each such Class is unimpaired under the Plan and conclusively presumed to have accepted the Plan: Secured Tax Claims (Class 1), Other Secured Claims and Capital Equipment Lessors (Class 5) and Unsecured Priority Claims (Class 6).

2. The Debtors also were not required to solicit votes from the Holders of Claims in the following Classes (the "__Deemed Rejecting Classes__") as such Classes

receive no recovery under the Plan and are deemed to reject the Plan: Unsecured Claims (Class 7), Subordinated Claims (Class 8) and Interests in Debtors (Class 9).

3. The Holders of Claims in Class 2 - Senior Mechanic's Lien Claims were deemed unimpaired under the Plan filed by the Debtors but, at the hearing held on November 10, 2010, the Court ruled that Class 2 was impaired and, based on the objections raised at the hearing, was deemed to have rejected the Plan.

4. As described in and as evidenced by the Voting Certification and the Hearing Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, the Ballots, the notice of the Combined Hearing, and the publication of such notice of the Combined Hearing (all of the foregoing, the "Solicitation") was timely, adequate, and sufficient under the circumstances. The Solicitation of votes on the Plan complied with the Solicitation Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and any other applicable rules, laws, and regulations. In connection therewith, the Debtors, Senior Care Development, LLC or its designee(s) ("SCD"), Residents' Committee, the Bond Trustees and any and all affiliates, members, managers, shareholders, partners, employees, attorneys and advisors of the foregoing are entitled to the protection of section 1125(e) of the Bankruptcy Code.

J. <u>Good Faith</u>. Neither the Debtors nor SCD have engaged in any collusive or unfair conduct in connection with the stalking horse bid, Auction, APA, Plan or Disclosure Statement. The APA and Auction were negotiated and conducted at arms-length and without collusion with any person or entity, and resulted in substantial value being brought to these Estates. The purchase price provided for under the APA is fair and reasonable. SCD is a good faith purchaser within the meaning of the Bankruptcy Code and entitled to the protections afforded thereby.

K. <u>Notice</u>. As is evidenced by the Voting Certification and the Notice Affidavits, the transmittal and service of the Plan, the Disclosure Statement, and the Ballots were adequate and sufficient under the circumstances, and all parties required to be given notice of the Combined Hearing (including the deadline for filing and serving objections to confirmation of the Plan) have been given due, proper, timely, and adequate notice in accordance with the Combined Hearing Order and in compliance with the Bankruptcy Code, the Bankruptcy Rules, the Local

Rules, and applicable nonbankruptcy law, and such parties have had an opportunity to appear and be heard with respect thereto. No other or further notice is required.

## Compliance with the Requirements of Section 1129 of the Bankruptcy Code

L.   <u>Plan Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(1))</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and, as required by Bankruptcy Rule 3016, the Plan is dated and identifies the Debtors as proponents, thereby satisfying section 1129(a)(1) of the Bankruptcy Code.

1.   <u>Proper Classification (11 U.S.C. §§ 1122, 1123(a)(1))</u>.   In addition to Administrative Expense Claims and Priority Tax Claims, which need not be classified, Section 3 of the Plan classifies nine Classes of Claims and Interests for the Debtors.  The Claims and Interests placed in each Class are substantially similar to other Claims and Interests, as the case may be, in each such Class.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims and Interests created under the Plan, and such Classes do not unfairly discriminate between Holders of Claims and Interests.   The Plan therefore satisfies sections 1122 and 1123(a)(1) of the Bankruptcy Code.

2.   <u>Specified Unimpaired Classes (11 U.S.C. § 1123(a)(2))</u>.   Pursuant to Section 3 of the Plan the following Classes are unimpaired under the Plan within the meaning of section 1124 of the Bankruptcy Code, thereby satisfying section 1123(a)(2) of the Bankruptcy Code: Secured Tax Claims (Class 1), Other Secured Claims and Capital Equipment Lessors (Class 5) and Unsecured Priority Claims (Class 6).

3.   <u>Specified Treatment of Impaired Classes (11 U.S.C. § 1123(a)(3))</u>. Section 3 of the Plan designates the following Classes as impaired within the meaning of section 1124 of the Bankruptcy Code and specifies the treatment of the Claims and Interests in those Classes, thereby satisfying section 1123(a)(3) of the Bankruptcy Code: Monarch Secured Lender Claims (Class 3), Sedgebrook Secured Lender Claims (Class 4), Unsecured Claims (Class 7), Subordinated Claims (Class 8) and Interests in Debtors (Class 9).   Class 2, consisting of Senior Mechanics' Lien Claims, was previously designated as unimpaired under Bankruptcy Code section 1123(a)(2), but was deemed impaired as provided under Bankruptcy code section 1123(a)(3).

4.   <u>Same Treatment for Each Claim or Interest of Each Particular Class (11 U.S.C. § 1123(a)(4))</u>.  The Plan provides for the same treatment by the Debtors for each Claim or Interest in each respective Class unless the Holder of a particular Claim or Interest has agreed to a less favorable treatment of such Claim or Interest, thereby satisfying section 1123(a)(4) of the Bankruptcy Code.

5.   <u>Implementation of the Plan (11 U.S.C. § 1123(a)(5))</u>.  The Plan provides adequate and proper means for the implementation of the Plan, thereby satisfying section

1123(a)(5) of the Bankruptcy Code, including the (i) authorization and issuance of all plan-related securities and documents, (ii) cancellation of existing securities and certain agreements of the Debtors, (iii) the appointment of a Plan Administrator with the powers specified in Section 4.9 of the Plan, (iv) specification of the obligations of any successor to the Debtors under the Plan; (v) consummation of the sale of the Debtors' assets as contemplated by the APA and approved by the Sale Order, and (vi) the engagement in other transactions in furtherance of the Plan.

6.    Non-Voting Equity Securities/Allocation of Voting Power (11 U.S.C. § 1123(a)(6)).  The Plan does not provide for the issuance of nonvoting equity securities, therefore section 1123(a)(6) of the Bankruptcy Code is not applicable.

7.    Designation of Directors and Officers (11 U.S.C. § 1123(a)(7)).  Section 7 of the Plan and the corresponding Plan Supplement contain provisions with respect to the manner of selection of the Plan Administrator that are consistent with the interests of creditors, equity security holders, and public policy, thereby satisfying section 1123(a)(7) of the Bankruptcy Code.

8.    Impairment/Unimpairment of Classes of Claims and Interests (11 U.S.C. § 1123(b)(1)).  As permitted by section 1123(b)(1) of the Bankruptcy Code, Section 3 of the Plan designates all impaired and unimpaired Classes, as modified by this Order.

9.    Assumption and Rejection (11 U.S.C. § 1123(b)(2)).  Section 8 of the Plan governs the assumption and rejection of executory contracts and unexpired leases and meets the requirements of section 365(b) of the Bankruptcy Code.

10.   Additional Plan Provisions (11 U.S.C. § 1123(b)(6)).  Each of the provisions of the Plan are appropriate and consistent with the applicable provisions of the Bankruptcy Code.

11.   Cure of Defaults (11 U.S.C. § 1123(d)).  Section 8 of the Plan provides for the satisfaction of default claims associated with each executory contract and unexpired lease to be assumed pursuant to the Plan and APA in accordance with section 365(b)(1) of the Bankruptcy Code.  Except to the extent that different treatment has been agreed to by the nondebtor party or parties to any executory contract or unexpired lease to be assumed pursuant to Section 8 of the Plan, the Debtors, after consultation with SCD, pursuant to the provisions of sections 1123(a)(5)(G) and 1123(b)(2) of the Bankruptcy Code and consistent with the requirements of section 365 of the Bankruptcy Code, have filed or will file, within sixty (60) days after the Asset Sale Closing Date, by separate motion in connection with the Asset Sale listing each executory contract or unexpired lease of the Debtors that the Debtors will assume and assign to SCD and the cure amounts related thereto.  All cure amounts will be determined in accordance with the underlying agreements and applicable bankruptcy and nonbankruptcy laws.  If there are any objections filed that cannot otherwise be resolved consensually among the relevant parties, the Court shall hold a hearing to adjudicate the dispute.  The Debtors shall retain their right, with the consent of SCD, to reject any of their executory contracts or unexpired leases, including contracts or leases that are subject to a dispute concerning

amounts necessary to cure any defaults. Thus, the Plan complies with section 1123(d) of the Bankruptcy Code.

M.    <u>The Debtors' Compliance with the Bankruptcy Code (11 U.S.C. § 1129(a)(2))</u>.

The Debtors have complied with the applicable provisions of the Bankruptcy Code. Specifically:

1.    Each of the Debtors is an eligible debtor under section 109 of the Bankruptcy Code;

2.    The Debtors have complied with applicable provisions of the Bankruptcy Code, except as otherwise provided or permitted by orders of the Bankruptcy Court; and

3.    The Debtors have complied with the applicable provisions of the Bankruptcy Code, including sections 1125 and 1126(b), the Bankruptcy Rules, the Local Rules, applicable nonbankruptcy law, the Combined Hearing Order, and all other applicable law, in transmitting the Plan, the Disclosure Statement, the Ballots, and related documents and notices and in soliciting and tabulating the votes on the Plan.

N.    <u>Plan Proposed in Good Faith (11 U.S.C. § 1129(a)(3))</u>. The Plan (including the APA, and all documents necessary to effectuate the Plan) has been proposed in good faith and not by any means forbidden by law, thereby satisfying section 1129(a)(3) of the Bankruptcy Code. Such good faith is evident from the facts and record of the Chapter 11 Cases, the Disclosure Statement, the Plan Confirmation Declaration, and the record of the Combined Hearing and other proceedings held in the Chapter 11 Cases. The Plan, which was developed after many months of analysis and negotiations involving numerous proposals, was proposed with the legitimate and honest purpose of maximizing the value of the Debtors' Estates and effectuating a successful reorganization of the Debtors. The Plan (including the APA and all documents necessary to effectuate the Plan) was developed and negotiated in good faith and at arms'-length among representatives of the Debtors, SCD, Bond Trustees and Residents' Committee. Further, the Plan's classification, indemnification, exculpation, release, and injunction provisions have been negotiated in good faith and at arms'-length, are consistent with sections 105, 1122, 1123(b)(6), 1123(b)(3)(A), 1129, and 1142 of the Bankruptcy Code and

applicable case law in the Fifth Circuit, and are each necessary for the Debtors' successful reorganization.

O. <u>Payment for Services or Costs and Expenses (11 U.S.C. § 1129(a)(4))</u>. Any payment made or to be made by the Debtors for services or for costs and expenses of the Debtors' professionals in connection with the Chapter 11 Cases, or in connection with the Plan and incident to the Chapter 11 Cases, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

P. <u>Directors, Officers, and Insiders (11 U.S.C. § 1129(a)(5))</u>. The Debtors have complied with section 1129(a)(5) of the Bankruptcy Code. The identity and affiliations of the person proposed to serve as Plan Administrator after confirmation of the Plan has been fully disclosed to the extent such information is available, and the appointment of such persons is consistent with the interests of Holders of Claims against and Interests in the Debtors and with public policy.

Q. <u>No Rate Changes (11 U.S.C. § 1129(a)(6))</u>. After confirmation of the Plan, the Debtors' business will not involve rates established or approved by, or otherwise subject to, any governmental regulatory commission. Thus, section 1129(a)(6) of the Bankruptcy Code is satisfied.

R. <u>Best Interest of Creditors (11 U.S.C. § 1129(a)(7))</u>. The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The Plan Confirmation Declaration, the liquidation analysis provided in the Disclosure Statement, and the other evidence proffered or adduced at the Combined Hearing (i) are persuasive and credible, (ii) have not been controverted by other evidence, and (iii) establish that each Holder of an impaired Claim or Interest either has accepted the Plan or will receive or retain under the Plan, on account of such Claim or Interest, property of

a value, as of the Effective Date, that is not less than the amount that such Holder would receive or retain if the Debtors were liquidated under chapter 7 of the Bankruptcy Code on such date.

S.     <u>Acceptance by Certain Classes (11 U.S.C. § 1129(a)(8))</u>. The Deemed Rejecting Classes are impaired by the Plan and are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Class 2 is also deemed to have rejected the Plan. As found and determined in paragraph BB below, pursuant to section 1129(b)(1) of the Bankruptcy Code, the Plan may be confirmed notwithstanding the fact that the Deemed Rejecting Classes and Class 2 are impaired and are deemed to have rejected the Plan. The remaining Classes accepted the Plan or are Deemed Accepting Classes.

T.     <u>Treatment of Administrative Expense Claims and Priority Tax Claims and Priority Claims (11 U.S.C. § 1129(a)(9))</u>. The treatment of Allowed Administrative Expense Claims under Section 2.1 of the Plan satisfies the requirements of section 1129(a)(9)(A) of the Bankruptcy Code. The treatment of Priority Claims pursuant to Section 3.2.6 of the Plan satisfies the requirements of section 1129(a)(9)(B) of the Bankruptcy Code. The treatment of Priority Tax Claims pursuant to Section 2.2 of the Plan satisfies the requirements of section 1129(a)(9)(C) of the Bankruptcy Code.

U.     <u>Acceptance by Impaired Class (11 U.S.C. § 1129(a)(10))</u>. Holders of Claims in the Voting Classes voted to accept the Plan, determined without including any acceptance of the Plan by any insider, thereby satisfying the requirements of section 1129(a)(10) of the Bankruptcy Code.

V.     <u>Feasibility (11 U.S.C. § 1129(a)(11))</u>. The Plan liquidates the Debtors' remaining assets and distributes them to creditors pursuant to the Plan and Bankruptcy Code, thereby satisfying the requirements of section 1129(a)(11) of the Bankruptcy Code.

W.  <u>Payment of Fees (11 U.S.C. § 1129(a)(12))</u>.  The Plan provides that on the Effective Date, and thereafter as may be required, the Debtors or the Plan Administrator, as applicable, shall pay all fees payable pursuant to section 1930 of title 28 of the United States Code, thereby satisfying section 1129(a)(12) of the Bankruptcy Code.

X.  <u>Continuation of Retiree Benefits (11 U.S.C. § 1129(a)(13)</u>.  The Debtors do not maintain retirement plans or other benefits obligations other than a 401(k) plan (which is not being assumed).  Accordingly, section 1129(a)(13) of the Bankruptcy Code is not applicable ot the Plan.

Y.  <u>No Domestic Support Obligations (11 U.S.C. § 1129(a)(14))</u>.  The Debtors are not required by a judicial or administrative order, or by statute, to pay a domestic support obligation.  Accordingly, section 1129(a)(14) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

Z.  <u>Debtors Are Not Individuals (11 U.S.C. § 1129(a)(15))</u>.  The Debtors are not individuals, and accordingly, section 1129(a)(15) of the Bankruptcy Code is inapplicable to the Chapter 11 Cases.

AA.  <u>No Applicable Nonbankruptcy Law Regarding Transfers (11 U.S.C. § 1129(a)(16))</u>.  All transfers of property of the Plan with respect to Sedgebrook and Monarch Landing were made in accordance with any applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a monied, business, or commercial corporation or trust.  Lincolnshire and Naperville are each a moneyed, business, or commercial corporation, and accordingly, section 1129(a)(16) of the Bankruptcy Code is inapplicable to their Chapter 11 Cases.

BB.  <u>Fair and Equitable; No Unfair Discrimination (11 U.S.C. § 1129(b))</u>.  Holders of Claims in the Deemed Rejecting Classes are deemed to have not accepted the Plan.  Based upon

the evidence proffered, adduced, and presented by the Debtors in the Plan Confirmation Declaration and at the Combined Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to the aforementioned Classes, as required by sections 1129(b)(1) and (b)(2) of the Bankruptcy Code. Thus, the Plan may be confirmed notwithstanding the deemed rejection of the Plan by these Classes.

CC. <u>Only One Plan (11 U.S.C. § 1129(c))</u>. The Plan is the only plan filed in these cases, and accordingly, section 1129(c) of the Bankruptcy Code is inapplicable in the Chapter 11 Cases.

DD. <u>Principal Purpose of the Plan (11 U.S.C. § 1129(d))</u>. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act, and no governmental entity has objected to the confirmation of the Plan on any such grounds. Therefore, the Plan satisfies the requirements of section 1129(d) of the Bankruptcy Code.

EE. <u>Modifications to the Plan</u>. The modifications to the Plan pursuant to the Plan Supplement through the date hereof constitute changes that do not materially and adversely change the treatment of any other Claims or Interests. Accordingly, pursuant to Bankruptcy Rule 3019(a), these modifications do not require additional disclosure under section 1125 of the Bankruptcy Code, nor do they require additional solicitation of the Plan.

FF. <u>Good Faith Solicitation (11 U.S.C. § 1125(e))</u>. Based on the record before the Court, the Plan Confirmation Declaration and the record of the Chapter 11 Cases, the Debtors, SCD, the Residents' Committee, Bond Trustees and their respective agents, successors, predecessors, control persons, members, officers, directors, employees and agents and their respective attorneys, financial advisors, investment bankers, accountants, and other professionals retained by such persons, to the extent applicable, (i) have acted in "good faith" within the

meaning of section 1125(e) of the Bankruptcy Code in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any applicable non-bankruptcy law, rule, or regulation governing the adequacy of disclosure in connection with all their respective activities relating to the solicitation of acceptances to the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code and (ii) shall be deemed to have participated in good faith and in compliance with the applicable provisions of the Bankruptcy Code in the offer and issuance of any securities under the Plan, and therefore are not, and on account of such offer, issuance and solicitation will not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer and issuance of the securities under the Plan, and are entitled to the protections afforded by section 1125(e) of the Bankruptcy Code and, to the extent such parties are listed therein, the release provisions set forth in Section 7.2 of the Plan and the Plan Supplement.

GG.    <u>Implementation</u>.  All documents necessary to implement the Plan, including those contained in the Plan Supplement, and all other relevant and necessary documents have been developed and negotiated in good faith and at arms'-length and shall, upon completion of documentation and execution, and subject to the occurrence of the Effective Date, be valid, binding, and enforceable agreements and not be in conflict with any federal or state law.

HH.    <u>Releases</u>.  The Court has jurisdiction under sections 1334(a) and (b) of title 28 of the United States Code to approve the releases set forth in Sections 7.2 and 7.3 and elsewhere in the Plan and Confirmation Order.  Section 105(a) of the Bankruptcy Code permits approval of the releases set forth in Sections 7.2 and 7.3 and elsewhere in the Plan and Confirmation Order, because, as has been established here based upon the record in the Chapter 11 Cases and the evidence presented in the Plan Confirmation Declaration and at the Combined Hearing, such

provisions (i) were integral to the agreement among the various parties in interest and are essential to the formulation and implementation of the Plan, as provided in section 1123 of the Bankruptcy Code, (ii) confer substantial benefits on the Debtors' Estates, (iii) are fair, equitable, and reasonable, and (iv) are in the best interests of the Debtors, their Estates, and parties in interest.

II.     Pursuant to section 1123(b)(3) of the Bankruptcy Code and Bankruptcy Rule 9019(a), the releases set forth in the Plan and implemented by this Confirmation Order are fair, equitable, reasonable, and in the best interests of the Debtors, and their Estates, creditors, and equity holders. The releases of non-Debtors under the Plan are fair to Holders of Claims and are necessary to the proposed reorganization, thereby satisfying the requirements of In re Wool Growers Cent. Storage Co., 371 B.R. 768, 777 (Bankr. N.D. Tex. 2007); see also In re Continental Airlines, Inc., 203 F.3d 203, 214 (3d Cir. 2000). Such releases are given in exchange for and are supported by fair, sufficient, and adequate consideration provided by each and all of the parties providing such releases. The Plan Confirmation Declaration and the record of the Combined Hearing and these Chapter 11 Cases are sufficient to support the releases provided for in Sections 7.2 and 7.3 of the Plan. Accordingly, based upon the record of the Chapter 11 Cases, the representations of the parties, and/or the evidence proffered, adduced, and/or presented in the Plan Confirmation Declaration and at the Combined Hearing, this Court finds that the releases set forth in Sections 7.2 and 7.3 of the Plan are consistent with the Bankruptcy Code and applicable law. The failure to implement the release provisions of the Plan would seriously impair the Debtors' ability to confirm the Plan.

JJ.     Based on the foregoing, the Plan satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

**ORDER**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. <u>Findings of Fact and Conclusions of Law</u>. The above-referenced findings of fact and conclusions of law are hereby incorporated by reference as though fully set forth herein.

2. <u>Notice of the Combined Hearing</u>. Notice of the Combined Hearing complied with the terms of the Combined Hearing Order, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

3. <u>Disclosure Statement</u>. The Disclosure Statement is approved as containing adequate information within the meaning of section 1125 of the Bankruptcy Code, and any objections to the adequacy of the information contained in the Disclosure Statement not otherwise consensually resolved are overruled.

4. <u>Amendments to Plan</u>. The modifications and amendments to the Plan through the date hereof, including modifications made pursuant to this Order, meet the requirements of sections 1127(a) and (c), such modifications do not materially and adversely affect the treatment of the Claim of any creditor or Interest holder within the meaning of Bankruptcy Rule 3019(a), and no further solicitation or voting is required.

5. <u>Solicitation</u>. The solicitation of votes on the Plan complied with the Solicitation Procedures, was appropriate and satisfactory based upon the circumstances of the Chapter 11 Cases, and was in compliance with the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and applicable nonbankruptcy law.

6.      Ballots.  The forms of Ballots annexed to the Voting Certification are in compliance with Bankruptcy Rule 3018(c), as modified, conform to Official Form Number 14, and are approved in all respects.

7.      Solicitation/Offer of New Securities.  Pursuant to section 1145 of the Bankruptcy Code, to the extent that the Debtors' solicitation of acceptances of the Plan is deemed to constitute an offer of new securities, the Debtors and SCD are exempt from the registration requirements of the Securities Act (and of any equivalent state securities or "blue sky" laws) with respect to such solicitation under section 4(2) of the Securities Act and Regulation D promulgated thereunder.  Section 4(2) exempts from registration under the Securities Act all "transactions by an issuer not involving any public offering."  15 U.S.C. § 77d(2).  SCD and the Debtors have complied with the requirements of section 4(2) of the Securities Act, as the solicitation of acceptances would constitute a private placement of securities.

8.      Confirmation of the Plan.  The Plan and each of its provisions shall be, and hereby are, approved and confirmed under section 1129 of the Bankruptcy Code.  The documents contained in the Plan Supplement are authorized and approved.  The terms of the Plan, including the Plan Supplement, are incorporated by reference into, and are an integral part of this Confirmation Order.

9.      Objections Resolved or Overruled.  Except as provided herein, all objections, responses, statements and comments, if any, in opposition to the Plan, other than those withdrawn with prejudice, waived, or settled prior to, or on the record at, the Combined Hearing, shall be, and hereby are, overruled in their entirety.

10.     General Authorizations.  The Plan was approved by the Board of Directors of each Debtor.  Except to the extent provided in the APA, pursuant to the appropriate provisions of the corporate or business organizations law of the applicable state of organization of each

Debtor, and section 1142(b) of the Bankruptcy Code, no additional action of the respective directors or stockholders of the Debtors shall be required to authorize the Debtors to enter into, execute, deliver, file, adopt, amend, restate, consummate, or effectuate, as the case may be, the Plan and any contract, instrument, or other document to be executed, delivered, adopted or amended in connection with the implementation of the Plan.

11. <u>Binding Effect</u>. On the date of and following entry of this Confirmation Order and subject to the occurrence of the Effective Date, the provisions of the Plan shall bind the Debtors, the Plan Administrator, the Bond Trustees, all Holders of Claims and Interests of the Debtors (irrespective of whether such Claims or Interests are impaired under the Plan or whether the Holders of such Claims or Interests have accepted the Plan), any and all non-Debtor parties to executory contracts and unexpired leases with any of the Debtors, any other party in interest in the Chapter 11 Cases, and the respective heirs, executors, administrators, successors, or assigns, if any, of any of the foregoing.

12. <u>Vesting of Assets</u>. Except as otherwise provided in the Plan and APA, as of the Effective Date, pursuant to the provisions of Bankruptcy Code section 1141(b) and (c), all Assets shall vest in the Debtors free and clear of all Claims, liens, encumbrances, charges, membership interests and other interests, except as otherwise expressly provided in the Plan or this Confirmation Order, and subject to the terms and conditions of the Plan and this Confirmation Order. Notwithstanding the foregoing, the Monarch Bond Trustee and Sedgebrook Bond Trustee shall retain the liens granted by their respective Bond Documents and pursuant to the Sedgebrook Final Cash Collateral Order and Monarch Final Cash Collateral Order, as applicable; provided, however, for the avoidance of doubt, the Purchased Assets (as defined below) shall be transferred to SCD free and clear of all such liens as further provided in paragraph 14 below.

13.    <u>Implementation of the Plan</u>.    The Debtors and the Plan Administrator, as applicable, shall be authorized to execute, deliver, file, or record such documents, contracts, instruments, releases, and other agreements, including those contained in the Plan Supplement, and take such other actions as may be necessary to effectuate, implement, and further evidence the terms and conditions of the Plan, including all such actions delineated in Section 4 of the Plan.    On the Effective Date, the Plan Administrator is authorized and empowered to issue, execute, file, and deliver or record such documents, contracts, instruments, releases and other agreements, including those contained in the Plan Supplement or contemplated by the Plan, in the name of and on behalf of the Plan Administrator, as applicable.

14.    <u>Asset Purchase</u>.    Pursuant to the Sale Order and the APA, effective on the Closing, SCD is acquiring substantially all of the assets of the Debtors (other than certain excluded assets, the "<u>Purchased Assets</u>") free and clear of all Claims, liens, encumbrances, charges, liabilities, and interests encumbering the Purchased Assets, including, but not limited to, those encumbrances set forth on <u>Exhibit 1</u> attached hereto, but, however, excluding those encumbrances set forth on <u>Exhibit 2</u> attached hereto and general real property taxes not due and payable.    The provisions of the Sale Order and the APA and any actions taken pursuant hereto or thereto shall survive entry of any order which may be entered (a) confirming or consummating any plan of reorganization of the Debtors, such as this Confirmation Order, (b) converting the Debtors' cases from chapter 11 to chapter 7, (c) dismissing the Debtors' bankruptcy cases or (d) appointing a chapter 11 trustee or examiner, and the terms and provisions of the APA as well as the rights and interests granted pursuant to the Sale Order and the APA shall continue in this or any superseding case and shall be binding upon the Debtors, SCD, the Bond Trustees, and their respective successors and permitted assigns.    Nothing contained in any order of any type or kind entered in these Chapter 11 Cases or any related proceeding subsequent to entry of the Sale

Order, nor in any chapter 11 plan confirmed in these Chapter 11 Cases, such as the Plan, shall conflict with or derogate from the provisions of the APA or the terms of the Sale Order.

15. <u>Cancellation of Existing Securities and Agreements</u>.  Except (i) for purposes of evidencing a right to distributions under the Plan, (ii) with respect to executory contracts or unexpired leases that have been assumed by the Debtors, or (iii) as otherwise provided under the Plan, on the Effective Date, all the agreements and other documents evidencing the Claims or rights of any Holder of a Claim against the Debtors, including all lending and security agreements and encumbrances evidencing such Claims shall be cancelled with respect to the Debtors, but shall continue to govern the rights and obligations by and among third parties.  In addition, (i) the Interests in the Debtors, and (ii) any options or warrants to purchase Interests in the Debtors, obligating the Debtors to issue, transfer, or sell Interests or any other capital stock of the Debtors, shall be cancelled.

16. <u>Cancellation of Instruments</u>.  Except as otherwise provided in the Plan or this Confirmation Order, on the Effective Date, the Monarch Project Bonds and Sedgebrook Project Bonds shall be cancelled, and the Monarch Project Bonds and Sedgebrook Project Bonds and related Bond Documents shall continue in effect solely to the extent they relate to and are necessary to (i) allow applicable distributions pursuant to the Plan, (ii) permit each Bond Trustee to be compensated for fees and reimbursed for expenses including expenses of its professionals, assert its charging lien, enforce its indemnity and other rights and protections with respect to and pursuant to the Bond Documents, (iii) permit each Bond Trustee to set one or more record dates and distributions dates with respect to the distribution of funds to beneficial holders of the Monarch Project Bonds and Sedgebrook Project Bonds, as applicable, (iv) permit each Bond Trustee to appear in the Chapter 11 Cases, and (v) permit the applicable Bond Trustee to perform any functions that are necessary in connection with the foregoing clauses (i) through (iv).

17.    <u>Subordination</u>.    Except as otherwise expressly provided in the Plan, this Confirmation Order, or a separate order of this Court, the classification and manner of satisfying all Claims and Interests under the Plan takes into consideration all subordination rights, whether arising by contract or under general principles of equitable subordination, section 510 of the Bankruptcy Code, or otherwise.

18.    <u>Compromise of Controversies</u>.    In consideration for the distributions and other benefits, including releases, provided under the Plan, the provisions of the Plan constitute a good faith compromise and settlement of all Claims and controversies resolved under the Plan. Consideration for all such compromises, settlements and releases is adequate and the entry of this Confirmation Order constitutes approval of such compromise and settlement under Bankruptcy Rule 9019, subject to the provisions of the Plan.

19.    <u>Assumption or Rejection of Executory Contracts and Unexpired Leases</u>.    Pursuant to Section 8.1 of the Plan, except as otherwise provided in any contract, instrument, release, indenture, the Plan or other agreement or document entered into in connection with the Plan, as of the Effective Date, all executory contracts and unexpired leases to which any of the Debtors are parties are hereby rejected as of the Effective Date except for an executory contract or unexpired lease that (i) previously has been assumed pursuant to Final Order of the Bankruptcy Court, (ii) is specifically designated as an executory contract or unexpired lease to be assumed as part of the Asset Sale by the 60th day following the Asset Sale Closing, or (iii) is the subject of a separate assumption motion or stipulation filed by the Debtors under section 365 of the Bankruptcy Code prior to the Effective Date.    Such contract and lease assumptions or rejections are hereby approved as of the 60th day following the Asset Sale Closing pursuant to sections 365(b) and 1123(b) of the Bankruptcy Code and all objections, other than as provided herein, are overruled.

20.     Assignment of Executory Contracts or Unexpired Leases.  Pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code, the Debtors and Plan Administrator, as applicable, may transfer and assign any of their executory contracts or unexpired leases that have not been rejected to SCD without any further act, authority, or notice subject to the unqualified right of SCD to refuse such transfer or assignment.  Any executory contract or unexpired lease so transferred and assigned shall remain in full force and effect for the benefit of the transferee or assignee in accordance with its terms, notwithstanding any provision in such executory contract or unexpired lease (including those of the type described in sections 365(b)(2) of the Bankruptcy Code) that prohibits, restricts, or conditions such transfer or assignment.  Any provision that prohibits, restricts, or conditions the assignment or transfer by the Debtors or Plan Administrator, as applicable, of any such executory contract or unexpired lease or that terminates or modifies such executory contract or unexpired lease or allows the counterparty to such executory contract or unexpired lease to terminate, modify, recapture, impose any penalty, condition renewal or extension, or modify any term or condition upon any such transfer and assignment constitutes an unenforceable anti-assignment provision and is void and of no force or effect.  The stay under Bankruptcy Rule 6006(d) is hereby waived, and the terms and conditions of this Confirmation Order shall be immediately effective and enforceable upon its entry.

21.     Conditions to Effective Date.  The Plan shall not become effective unless and until the conditions set forth in Section 6.4 of the Plan and in this Confirmation Order have been satisfied or waived pursuant to Section 6.2 of the Plan.  In the event that one or more of the conditions specified in Section 6.4 of the Plan have not been satisfied or waived in accordance with Section 6.2 of the Plan, (i) the Confirmation Order shall be vacated, (ii) no distributions under the Plan shall be made, (iii) the Debtors and all Holders of Claims and Interests shall be restored to the status quo ante as of the day immediately preceding the Plan Confirmation Date

as though the Plan Confirmation Date never occurred, and (iv) all of the Debtors' obligations with respect to Claims and Interests shall remain unchanged and nothing contained in the Plan or in the Confirmation Order shall constitute or be deemed a waiver or release of any Claims or Interests by or against the Debtors or any other person or to prejudice in any manner the rights of the Debtors or any person in any further proceedings involving the Debtors or otherwise.

22.     <u>Professional Compensation</u>.   Except as provided in the Plan, all entities seeking awards by the Court of compensation for services rendered or reimbursement of expenses incurred through and including the Plan Confirmation Date (i) shall provide the Debtors with estimates of all fees and disbursements that will be incurred by each Professional up to and including the Effective Date, which estimates shall be updated by an additional estimate provided to the Debtors one (1) Business Day prior to the Effective Date, (ii) shall file their respective final applications for allowance of compensation for services rendered and reimbursement of expenses incurred by the date that is thirty (30) days after the Effective Date, (iii) shall be paid in full from the Professional Fee Reserve in such amounts as are allowed by the Bankruptcy Court (A) upon the later of (i) the Effective Date, and (ii) the date upon which the order relating to any such Allowed Administrative Expense Claim is entered, or (B) upon such other terms as may be mutually agreed upon between the Holder of such an Allowed Administrative Expense Claim and the Debtors.

23.     <u>Post-Effective Date Professional Fee Reserve</u>. A reserve shall be created on the Asset Sale Closing Date or Effective Date, whichever is earlier, by the Debtors and held by an escrow agent representing Cash designated for the payment of Professionals and Allowed Fee Claims that accrue after the Effective Date.

24.     <u>Releases</u>.   Except as otherwise specifically provided in the Plan, (a) the Debtors, (b) the Purchaser, (c) the Residents' Committee and (d) the Bond Trustees, together with their

respective current and prior officers, members and directors and their respective agents, counsel and advisors (all in their respective capacities as such with respect to the Debtors and in no other capacity) (collectively, the "Plan Releasees"), are released and discharged from any and all claims, obligations, rights, causes of action and liabilities relating to the Debtors, these Chapter 11 Cases, the formulation, negotiation, preparation, confirmation, implementation and administration of the Plan or any consent, action, omission, transaction or business dealing from and after the Petition Date and prior to the Effective Date; provided, however, that the Plan Releasees shall not be released from claims arising under (a) the Internal Revenue Code, or any state, city or municipal tax code; (b) the environmental laws of the United States, any state, city or municipality; (c) any criminal laws of the United States, any state, city or municipality; (d) the Plan; or (e) actions related to willful misconduct, gross negligence, misuse of confidential information that causes damages and ultra vires acts. Any of the foregoing parties in all respects shall be entitled to rely on the advice of counsel with respect to any of the foregoing. With respect to Plan Releasees that are attorney Professionals, such Professionals shall not be released from any violations of the Code of Professional Responsibility. From and after the Effective Date, except as otherwise provided under this section, all holders of Claims or membership and other interests in the Debtors shall be permanently enjoined from commencing or continuing in any manner any suit, action or other proceeding, on account of or respecting, any Claim or membership or other interest in the Debtors. Notwithstanding the above, and subject in all respects to the Sale Order, neither the foregoing terms nor any other provision of the Plan or any order on the Plan shall release or in any manner limit any right or claims by any Bond Trustee or beneficial bondholder against any party not a Plan Releasee together with such parties' respective current and prior officers, members and directors and their respective agents, counsel and advisors based on obligations under or relating to any Bond Documents.

25. <u>Releases By the Debtors and Holders of Claims</u>. Except as otherwise specifically provided by the Plan, for good and valuable consideration, including the services and agreements to facilitate the expeditious reorganization of the Debtors, the implementation of the restructuring contemplated by the Plan, on and after the Effective Date, the Plan Releasees shall be deemed released by the Debtors, the Plan Administrator and holders of Claims and membership and other interests in the Debtors from any and all claims, obligations, rights, suits and causes of action whatsoever, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that the Debtors, the Estates or such Person or entity would have been entitled to assert whether directly, indirectly, derivative or otherwise, based in whole or in part upon any action, omission, transaction, agreement, event, conduct or other occurrence taking place on or before the Effective Date in any way relating or pertaining to or dealings in connection with the Debtors, their officers (in their capacity as such), directors (in their capacity as such), members (in their capacity as such) and shareholders (in their capacity as such), the Estates or these Chapter 11 Cases; <u>provided</u>, <u>however</u>, that nothing in this section shall constitute a release of any party from Claims arising under (a) the Internal Revenue Code, or any state, city or municipal tax code; (b) the environmental laws of the United States, any state, city or municipality; (c) any criminal laws of the United States, any state, city or municipality; and (d) actions related to willful misconduct, gross negligence, misuse of confidential information that causes damages and ultra vires acts. With respect to releases of attorney professionals, such professionals shall not be released from any violations of the Code of Professional Responsibility. Notwithstanding, the terms of the releases in paragraphs 24 and 25 herein and the Plan, nothing herein or in the Plan shall be deemed a release of any party to the APA from the obligations or claims arising from the Asset Sale, the APA or the Sale Order.

26.     <u>Binding Release Provision</u>.     All release provisions embodied in the Plan, including but not limited to those contained in Section 7 of the Plan, are approved and shall be effective and binding on all persons and entities, to the extent provided therein.

27.     <u>Term of Injunctions or Stays</u>.     Pursuant to Sections 12.3 and 12.4 of the Plan, unless otherwise provided, all injunctions or stays arising under or entered during the Chapter 11 Cases under section 105 or 362 of the Bankruptcy Code, or otherwise, and in existence on the Plan Confirmation Date, shall remain in full force and effect until the later of the Effective Date and the date indicated in the order providing for such injunction or stay.  Upon the entry of the Confirmation Order, all Holders of Claims and Interests and other parties in interest, along with their respective present or former employees, agents, officers, directors, or principals, shall be enjoined from taking any actions to interfere with the implementation or consummation of the Plan.

28.     <u>Payment of Statutory Fees</u>.     All fees payable pursuant to section 1930 of title 28 of the United States Code shall be paid on the Effective Date and thereafter as may be required.

29.     <u>Reversal/Stay/Modification/Vacatur of Confirmation Order</u>.     Except as otherwise provided in this Confirmation Order, if any or all of the provisions of this Confirmation Order are hereafter reversed, modified, vacated, or stayed by subsequent order of this Court or any other court, such reversal, stay, modification, or vacatur shall not affect the validity or enforceability of any act, obligation, indebtedness, liability, priority, or lien incurred or undertaken by the Debtors or the Plan Administrator, as applicable, pursuant to the Plan and the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur. Notwithstanding any such reversal, stay, modification, or vacatur of the Confirmation Order, any such act or obligation incurred or undertaken pursuant to, or in reliance on, the Confirmation Order prior to the effective date of such reversal, stay, modification, or vacatur shall be governed

in all respects by the provisions of the Confirmation Order and the Plan or any amendments or modifications thereto. The Debtors or the Plan Administrator, as applicable, at any time may request that the Bankruptcy Court estimate any Contingent Claim or Disputed Claim pursuant to section 502(c) of the Bankruptcy Code, regardless of whether an objection was previously filed with the Bankruptcy Court with respect to such Claim, or whether the Bankruptcy Court has ruled on any such objection, and the Bankruptcy Court will retain jurisdiction to estimate any Claim at any time during litigation concerning any objection to any Claim, including, without limitation, during the pendency of any appeal relating to such objection. Notwithstanding the foregoing, all Allowed Claims under the Plan shall be deemed Allowed and not subject to further challenge.

30. <u>Retention of Jurisdiction</u>. Notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, pursuant to Section 7 of the Plan and sections 105 and 1142 of the Bankruptcy Code, this Court shall retain exclusive jurisdiction over all matters arising in, arising under, and related to the Chapter 11 Cases to the fullest extent as is legally permissible.

31. <u>Exemption from Certain Taxes</u>. Pursuant to section 1146(a) of the Bankruptcy Code, all transactions, including the transfers described herein pursuant to the APA and the Sale Order, and the delivery and recordation of any instrument, under, in furtherance of, or in connection with the Plan shall not be subject to any stamp tax, real estate transfer tax or similar transfer fee or tax.

32. <u>Modifications</u>. The Plan may be amended, modified, or supplemented by the Debtors or the Plan Administrator, as applicable, in the manner provided for by section 1127 of the Bankruptcy Code or as otherwise permitted by law without additional disclosure pursuant to section 1125 of the Bankruptcy Code, subject to the terms of the APA, the Plan, and this

Confirmation Order. In addition, after the Plan Confirmation Date and subject to the terms of the APA, the Debtors may institute proceedings in the Bankruptcy Court to remedy any defect or omission or reconcile any inconsistencies in the Plan or this Confirmation Order, with respect to such matters as may be necessary to carry out the purposes and effects of the Plan. Further, subject to the terms of the APA, prior to the Effective Date, the Debtors may make appropriate technical adjustments and modifications to the Plan without further order or approval of the Court.

33. <u>Provisions of Plan and Confirmation Order Nonseverable and Mutually Dependent</u>. The provisions of the Plan and this Confirmation Order, including the findings of fact and conclusions of law set forth herein, are nonseverable and mutually dependent.

34. <u>Governing Law</u>. Except to the extent that the Bankruptcy Code or other federal law is applicable, or to the extent an exhibit to the Plan or Plan Supplement provides otherwise, the rights, duties, and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the laws of the State of Maryland, without giving effect to the principles of conflict of laws thereof.

35. <u>Applicable Nonbankruptcy Law</u>. Pursuant to section 1123(a) and 1142(a) of the Bankruptcy Code, the provisions of this Confirmation Order, the Plan and related documents or any amendments or modifications thereto shall apply and be enforceable notwithstanding any otherwise applicable nonbankruptcy law.

36. <u>Documents and Instruments</u>. Each federal, state, commonwealth, local, foreign, or other governmental agency is hereby authorized to accept any and all documents and instruments necessary or appropriate to effectuate, implement or consummate the transactions contemplated by the Plan and this Confirmation Order.

37. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any state or other governmental authority with respect to the implementation or consummation of the Plan and Disclosure Statement, any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in, or contemplated by, the Plan and the Disclosure Statement.

38. <u>Notice of Confirmation Order and Occurrence of Effective Date</u>. In accordance with Bankruptcy Rules 2002 and 3020(c), within 10 days after the Effective Date, the Debtors shall serve notice of the entry of this Confirmation Order and the occurrence of the Effective Date, substantially in the form annexed hereto as <u>Exhibit 3</u>, to all parties who hold a Claim or Interest in these cases, including the United States Trustee. Such notice is hereby approved in all respects and shall be deemed good and sufficient notice of entry of this Confirmation Order and the occurrence of the Effective Date.

39. <u>Substantial Consummation</u>. On the Effective Date and upon completion of the distributions to the Bond Trustees at the Closing as contemplated under the Plan, the Plan shall be deemed to be substantially consummated under sections 1101 and 1127 of the Bankruptcy Code.

40. <u>Waiver of Stay</u>. The stay of this Confirmation Order provided by any Bankruptcy Rule (including, without limitation, Bankruptcy Rules 3020(e), 6004(h), and 6006(d)), whether for ten (10) days or otherwise, is hereby waived, and this Confirmation Order shall be effective and enforceable immediately upon its entry by the Court.

41. <u>Inconsistency</u>. To the extent of any inconsistency between this Confirmation Order and the Plan, this Confirmation Order shall govern.

42.   <u>No Waiver</u>.  The failure to specifically include any particular provision of the Plan in this Confirmation Order shall not diminish the effectiveness of such provision nor constitute a waiver thereof, it being the intent of this Court that the Plan is confirmed in its entirety and incorporated herein by this reference.

## Resolution of Objections and Comments

43.   <u>SSA Bonds</u>.  Nothing in the Plan or this Order shall alter the terms of paragraphs 15, 16 and 17 of the Sale Order, which provisions remain enforceable according to the terms.

44.   <u>Available Cash</u>.  For the avoidance of doubt, the definition of Available Cash in Section 1.15 of the Plan means the Debtors' "Cash on hand" as of the Effective Date and thereafter but explicitly excludes IEDs.

45.   <u>Releases</u>.  Notwithstanding anything to the contrary in the Plan or this Order, the releases provided in Article 7 of the Plan and paragraphs 24 and 25 of this Order shall not extend to any claims or counterclaims asserted in the adversary proceeding captioned, <u>Lincolnshire Campus, LLC and Sedgebrook Inc. v. Alumital Corp et al.</u>, Adv. Pro. No. 10-03296, by any of the parties therein, or to any claims or causes of action against the Sedgebrook Bond Trustee owned or held by any Class 2 creditor, whether currently asserted or unasserted.

##### End of Order #####